UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

G&G INTERNATIONAL CORP.,

    Plaintiff,

v.

WALTER H. DURAN,

    Defendant.

Civil No. 3:15-CV-1772 (JAF)

## **O R D E R**

This matter is before the court on Defendant Walter H. Duran's ("Duran") Motion for Change of Venue pursuant to 28 U.S.C. §1404(a). (ECF No. 32). Plaintiff G&G International Corp. ("G&G") timely opposed the motion (ECF No. 35) and the matter is ripe for review. For the following reasons, Defendant Duran's motion is DENIED.

Pursuant to 28 U.S.C. § 1404(a) a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented, "for the convenience of the parties and witnesses, in the interest of justice." "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Astro–Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 12 (1st Cir. 2009).

The First Circuit has stated the factors to be considered by the District Court in making its determination under § 1404(a), which include: 1) the convenience of the parties and witnesses, 2) the availability of documents, 3) the order in which jurisdiction was obtained by the district court, and 4) the possibilities of consolidation. *Coady v. Ashcraft &*

*Gerel*, 223 F.3d 1, 11 (1st Cir. 2000) (citation omitted). "[T]here is a strong presumption in favor of the plaintiff's choice of forum." *Id*. The party seeking to transfer, here Defendant Duran, has the burden of proof to disrupt that presumption. *Id.*

Defendant Duran has failed to demonstrate that a transfer of this matter to the Southern District of Florida is necessary "for the convenience of the parties and witnesses, in the interest of justice." First, Duran failed to specify the key witnesses who are located outside the District of Puerto Rico and what their testimony would likely cover. Duran mentions his wife, son, and Rubén García-Sarraff, all of whom live in Florida. However, we do not know why or how these individuals are key witnesses to the underlying breach of contract claim. Additionally, with respect to Rubén García-Sarraff, given his apparent essential testimony on behalf of Plaintiff G&G, it appears that he will be available throughout the discovery period and for the trial of this matter. In fact, Mr. García-Sarraff has explicitly stated that he will be available to travel to Puerto Rico as needed for this litigation. (ECF No. 35-2 at 4).

On the contrary, G&G identified fourteen witnesses having discoverable information relating to the underlying case, all of whom live in Puerto Rico. It appears to the court that the only real reason to transfer this matter to Florida is for the convenience of Defendant Duran. However, "transfer is not appropriate where its effect is merely to shift the inconvenience from one party to the other." *Kleinerman v. Luxtron Corp.*, 107 F.Supp.2d 122, 125 (D.Mass 2000) (citations omitted); *Canatelo, LLC v. Bosch Sec. Systems, Inc.* 959 F.Supp.2d 220, 223 (D.P.R. 2013). Accordingly, the first factor weighs in favor of maintaining venue in Puerto Rico.

The second factor, the availability of documents, also does not warrant a transfer from Plaintiff G&G's chosen forum to the Southern District of Florida. Defendant Duran argues that the majority of the documents are in the possession of witness García-Sarraff, who is located in Florida. Plaintiff G&G attached a declaration from Mr. García-Sarraff in which Mr. García-Sarraff asserts that he is "available and willing to travel to Puerto Rico for any and all dealings in connection with the instant litigation…" (ECF No. 35-2 at 4). Additionally, if Mr. García-Sarraff, the documents, and Defendant Duran are indeed located in Florida, delivery of said documents would not be made any easier by the transfer of the action to Florida. Given today's technology, we see no reason that these purported documents cannot be transferred by email or other electronic means. Thus, the second factor weighs against a transfer to the Southern District of Florida.

Finally, the third and fourth factors, the possibility of consolidation and the order in which jurisdiction was obtained, do not favor venue in the Southern District of Florida over Puerto Rico. There does not appear to be an identical or similar suit related to this matter that has been filed or is currently ongoing in the Southern District of Florida.

Therefore, Defendant Duran has not met his burden under the First Circuit's established four factors for analyzing whether a court should, in its discretion, transfer venue pursuant to § 1404(a). The "strong presumption" in favor of Plaintiff's choice of forum remains undisturbed. Defendant Duran's motion is DENIED.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 16th day of November, 2015.

<u>S/José Antonio Fusté</u>
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE